```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

 THEODORE TOBIAS,                     :
                                      :
      Petitioner,                     :
                                      :
 v.                                   :   No. 3:06CV123 (DJS)
                                      :
 UNITED STATES OF AMERICA,            :
                                      :
      Respondent.                     :
                                      :
```

## MEMORANDUM OF DECISION

Petitioner Theodore Tobias seeks a writ of <u>audita</u> <u>querela</u> correcting a legal error in his sentence.  Because his petition patently lacks merit, his request for relief (dkt. # 1) is **DENIED**.

On June 11, 1999, a jury found petitioner guilty of conspiracy to interfere with interstate commerce in violation of 18 U.S.C. § 1951(a) (Count One), interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count Two), and carrying a firearm during and in relationship to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three).  On July 26, 2000, this court entered judgment and rendered a sentence of 210 months for Count One, 210 months for Count Two, which was to run concurrently with the sentence for Count One, and 60 months for Count Three, which was to run consecutively with the sentences rendered for Counts One and Two. The court also rendered a term of supervised release of three

years for each count, which were to run concurrently with each other.

Petitioner seeks a writ of audita querela as a remedy for this court's rendering a sentence in violation of U.S. v. Booker, 543 U.S. 220 (2005) in that the court construed the U.S. Sentencing Guidelines as mandatory.  "The common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'"  U.S. v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Wright, et al., Federal Practice and Procedure § 2867 at 235 (1973)).  Although, as petitioner points out, common law writs are available in certain extraordinary circumstances, petitioner is foreclosed from presenting his claims because the Court of Appeals for the Second Circuit has held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."  Guzman v. U.S., 404 F.3d 139, 144 (2d Cir. 2005).  Thus, petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ; rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in Booker does not apply to his conviction and sentence.  Put another way, Booker cannot be used to find petitioner's sentence illegal regardless of how he

presents this claim to the court.

The court acknowledges that, from defendant's perspective, this result is harsh because he is barred from presenting what may be a valid challenge to his sentence based upon a subsequent change in the landscape of federal sentencing law.  Nevertheless, this court is expressly prohibited from providing the relief defendant seeks by the U.S. Supreme Court and the U.S. Court of Appeals for the Second Circuit.

For the foregoing reasons, petitioner's application for a writ of <u>audita</u> <u>querela</u> is **DENIED**.  Judgment shall enter for the respondent.  The Clerk of the Court shall close this file.

So ordered this 7th day of February, 2006.

                                          **/s/DJS**

                            _____

                            **DOMINIC J. SQUATRITO**
                            **UNITED STATES DISTRICT JUDGE**